UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENT TEASLEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:06-CV-773 (JCH) |
| ) | |
| NIC FORLER, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

The matter is before the Court on its Order of March 10, 2008, (Doc. No. 44), which asked the parties to file briefs discussing whether Defendant Lincoln County ("County") waived its sovereign immunity by purchasing an insurance policy from the Missouri Public Entity Risk Management Fund ("Policy"). Both parties have responded. (Doc. No. 48-49).

As previously detailed in the March 10, 2008 order, Plaintiffs brought two[1] Missouri state law claims against the County: Count IV, wrongful death, in violation of Mo. Rev. Stat. § 537.080; and Count VI, negligent infliction of emotional distress. (Doc. No. 44 at p. 10). These claims arose from the death of Tyler Teasley, who was shot by a Lincoln County Sheriff's Department deputy during a traffic stop. (Id. at p. 2).

The relevant portion of the Policy States:

I. **WHAT MOPERM PAYS**

A. **Coverage**

---

[1] Plaintiffs also brought claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Doc. No. 44 at p. 10).

1

1. **Coverage for the Member Agency for claims on causes of action established by Missouri Law**. For claims on causes of action established by Missouri Law, **MOPERM** will pay on behalf of the **Member Agency** the **ultimate net loss** which the **Member Agency** shall become legally obligated to pay by reason of liability arising out of:

    a. Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motorized vehicles within the course of their employment;

    b. Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity with the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition, as more fully set forth in Section 537.600(2) of the Missouri statutes.

2. **Coverage for Member Agency for claims on causes of action other than those established by Missouri Law; and coverage for public officials and employees**. For claims against the **Member Agency** on causes of action other than those established by Missouri Law and for claims against public officials and employees, **MOPERM** will pay the **ultimate net loss** which the Covered Party shall become legally obligated to pay by reason of liability . . . .

B. **DEFENSE** . . .

Nothing contained in this section, or the balance of this document, shall be construed to broaden the liability of the **Member Agency** beyond the provisions of sections 537.600 to 537.610 of the Missouri statutes, nor to abolish or waive any defense at law which might otherwise be available to the **Member Agency** or its officers and employees.

(Resp., Doc. No. 49 at Ex. GG p. 3) (emphasis in original).

Missouri law provides that government entities, such as the County, have sovereign immunity from suit. Mo. Rev. Stat. § 537.600 (creating this immunity). Section 537.600 contains two exceptions to this grant of sovereign immunity, but neither is at issue here. See Hammer v. City of Osage Beach, 318 F.3d 832, 841 (8th Cir. 2003). A public entity may also waive its sovereign

immunity by purchasing liability insurance for tort claims other than those specifically exempted by § 537.600. See id. at 841 (discussing Mo. Rev. Stat. § 537.610); Martin v. Mo. Highway & Transp. Dep't, 981 S.W.2d 577, 579 (Mo. Ct. App. 1998); Fields v. Curators of the Univ. of Mo., 848 S.W.2d 589, 592 (Mo. Ct. App. 1993) (citing State ex rel. Bd. of Trs. v. Russell, 843 S.W.2d 353 (Mo. 1992)). The mere purchasing of a policy does not waive sovereign immunity. See Parish v. Novus Equities Co., 231 S.W.2d 236, 246 (Mo. Ct. App. 2007). Rather, whether sovereign immunity is waived "in a particular circumstance depends on whether the plaintiff's claim falls within the purposes covered by defendant's policy." Epps v. City of Pine Lawn, 353 F.3d 588, 594 (8th Cir. 2003).

Upon consideration, the Policy does not waive the County's sovereign immunity to Plaintiffs' Missouri law claims. Section I.A.1 clearly addresses the two exceptions contained in Mo. Rev. Stat. § 537.600. Section I.A.2 does not broaden this waiver because it only addresses "causes of action other than those established by Missouri Law." See Brown v. Forler, 4:06-cv-34 (HEA), 2007 WL 1018759, at * 7 (E.D. Mo. Mar. 30, 2007). Rather, this language is meant to protect the County from claims under federal statutes, such as 42 U.S.C. § 1983. Moses v. Jefferson County, 910 S.W.2d 735, 736 (Mo. Ct. App. 1995) (interpreting almost identical policy and finding that it did not waive sovereign immunity for Missouri law claims). Additionally, the provision of coverage for "for public officials and employees" does not somehow extend the County's liability under the Policy. Id. at p. 737. As such, the County has not waived its sovereign immunity, meaning Plaintiffs' Missouri law claims against it must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' claims against Defendant Lincoln County in Count IV and Count VI are **DISMISSED**.

Dated this 27th day of March, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE